UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIN MYLES,<br><br>                          Plaintiff,<br><br>             - against -<br><br>BRANDON MARSHALL,<br><br>                         Defendant. | **OPINION & ORDER**<br><br>13-CV-8096 (GBD)(RLE) |

**RONALD L. ELLIS, United States Magistrate Judge:**

*Pro se* Plaintiff Christin Myles commenced this action against Defendant Brandon Marshall on March 3, 2013. (Doc. No. 1) The Court first ordered the Parties to schedule Myles's and Marshall's depositions during a telephone conference held on May 20, 2014. After that date, the Parties had significant difficulty working together and did not complete either deposition until January 30, 2015. (Doc. No. 68) In the interim, the Parties attempted to complete the depositions on December 9, 2014, but were unsuccessful because of Defendant Marshall's sudden unavailability. (Doc. No. 64) On December 15, the Court ordered counsel for Marshall, Jason Astle, to Show Cause why he should not be sanctioned for failure to timely inform the Court or Myles that his client would not be attending his deposition scheduled for December 9. (*Id.*) Astle filed a response to the Court's Order on December 19. (Doc. No. 65) On May 6, 2015, the Court sanctioned Astle in the form of paying Myles's travel-related expenses arising from the scheduled December 9 deposition. (Doc. No. 75) On May 18, Myles filed an Affidavit detailing her expenses. Astle filed an opposition brief on May 27. For the reasons set forth below, the Court awards Myles travel-related expenses in the amount of **$945.06**.

## II.    BACKGROUND

The relevant factual background is set out in the Court's May 6 Sanctions Order.

## III. DISCUSSION

### A. The Court's Order to Show Cause

#### 1. Sanctionable Conduct

Under § 1927, Astle can be required to satisfy the "excess costs, expenses, and attorneys' fees reasonably incurred because of [his] conduct." 28 U.S.C. § 1927. *See Forman v. Mount Sinai Med. Ctr.*, No. 86-CV-1213 (KMW), 128 F.R.D. 591, 600 (S.D.N.Y. Nov. 20, 1989) (sanctions imposed where defense counsel "failed to communicate reasonably" with plaintiff's counsel). Astle's sanctionable conduct includes its failure to confirm with the Court his client's attendance at his scheduled deposition and his failure to timely inform Myles of the same. Thus, under 28 U.S.C. § 1927 and under the Court's inherent power, Astle will be sanctioned in the form of paying Myles's travel-related expenses arising from the December 9, 2014 depositions.

#### 2. Notice and Opportunity

The Court gave Astle the opportunity to Show Cause why he should not be sanctioned, (Doc. No. 64), and he filed a response. (Doc. No. 65) He had sufficient notice of the basis for sanctions and an opportunity to be heard so as to satisfy the requirements of due process.

The Court found that Astle's actions in failing to inform the Court that his client would not appear for his noticed deposition, and otherwise refusing to confirm his client's appearance when asked by Myles were (1) without merit and (2) for the improper purpose of delay.

#### 3. Astle's Opposition Brief

##### a. Telephone Records

In its December 15 Order to Show Cause ("OSC"), the Court provided Astle with an opportunity to explain his conduct and provide supporting documentation. Astle failed to do so adequately and was sanctioned as a result. Astle now asks the Court to review new telephone

2

records which he claims demonstrate his attempts to contact the Court.

As a preliminary matter, Astle was only given leave to submit a response to Myles's expenses affidavit addressing the reasonableness of her fee request. To the extent that Astle had telephone records that would demonstrate he should not be sanctioned, he should have produced those in response to the Court's OSC.

Secondly, although the records Astle provides include the time stamps and call durations his last submission lacked, these records do not support Astle's version of events. Astle argued in his response to the Court's OSC that he placed three telephone calls to the Court and left three voice mail messages. (Doc. No. 65 at 2.) In contrast, he argues in his opposition to the Myles affidavit that "the Court's clerk was contacted three times between 9:18 a.m. MST and 11:06 a.m. MST on December 8, 2014." (Doc. No. 78 at 2.) The passive language in Astle's opposition appears to be an effort to work around the fact that his new records contradict his original version of events. These records show that Astle did not call the Court three times after the Court directed him to confirm his client's attendance and, further, that he could not have left three voice mails. The first call Astle highlights was placed at 8:18 a.m. and lasted six minutes. (Doc. No. 78-1 at 2.) He acknowledges that this was a call from the Court that his office forwarded to his cell phone. (*Id.*) The second call Astle highlights was placed at 9:18 a.m. and lasted five minutes. (*Id.*) The Court's records indicate that this call was Astle returning the Court's earlier 8:18 a.m. call. Astle could not have left a message after the 9:18 a.m. call because, as his own records reflect, he spoke with the Court for five minutes. (*Id.*) During this call the Court directed Astle to confirm his client's attendance at the deposition and follow up with the Court. The third and fourth calls Astle highlights were placed at 9:32 a.m. and 11:06 a.m. and were two minutes long. (*Id.*) Thus, at most, Astle called the Court twice. Nonetheless,

the court has no record of the messages Astle claims he left. The telephone records Astle has provided raise more concerns about counsel's candor with the Court than they resolve. In any case, Astle's failure to contact the Court was only one factor in the Court's decision to sanction him. The most significant aspect of Astle's misconduct was his failure to communicate with Myles or his client. Had Astle conducted himself appropriately, telephone calls back and forth with the Court never would have been necessary.

For these reasons, the Court finds no basis for reconsidering its prior sanctions decision.

**b.    Reduction in Award**

Astle argues that any award the Court grants should be limited to non-travel related expenses after December 8, 2014: the "earliest date on which counsel could have provided Plaintiff with notice." (Doc. No. 78 at 2.) He further asserts that neither he nor his client were aware of his client's travel restrictions until the evening of Sunday, December 7, 2014. (*Id.* at 1.) This is inconsistent with Astle's representations in his response to the Court's OSC and his representations during a December 8 telephone call with the Court. In his response, Astle asserts that he found out Marshall was injured the morning of December 5, 2014, and that he contacted Marshall the same day. At that point, Marshall stated that he was "still going to try" to attend the deposition. The next section of Astle's response jumps to the events on December 8 - no mention is made of any further developments between December 5 and December 8. (Doc. No. 65 at 2.) The Court's records indicate that Astle made identical representations to the Court on December 8, 2015. Whether or not there were additional developments on December 7 concerning Marshall's availability, counsel had a duty to inform Myles and the Court on December 5 that recent events had made Marshall's attendance uncertain. Astle failed to do so and failed to cooperate with Myles when she was proactive in the way that he had not been. For these

reasons, Myles's expense award will not be limited to December 7, 2014, onward.

### 3. Myles Affidavit

Myles's Affidavit and exhibits indicate that she incurred airfare, gas, and paid-time off expenses[1] in the total amount of **$945.06** as a result of Astle's misconduct.

### IV. CONCLUSION

For the foregoing reasons, the Court awards Myles travel-related expenses in the amount of **$945.06**. Astle shall pay this amount to Myles no later than September 18, 2015.

**SO ORDERED this 4th day of September 2015**
**New York, New York**

*(signature)*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

**MAILED BY CHAMBERS**

---

[1] Myles's employer, SAG-AFTRA, allows employees to reimburse the company for paid time off in exchange for the days being returned to the employee's benefits balance. (Doc. No. 77, Ex. A.)