## BELDOCK LEVINE & HOFFMAN LLP
### 99 PARK AVENUE, PH/26TH FLOOR
NEW YORK, N.Y. 10016-1601

MYRON BELDOCK
CYNTHIA ROLLINGS
JONATHAN MOORE*▲
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT◊

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
MARJORY D. FIELDS
JODY L. YETZER

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (RETIRED)

ALSO ADMITTED IN:
*CALIFORNIA
▲ILLINOIS
◊NEW JERSEY

REF: 90000.092

WRITER'S DIRECT DIAL:
212-277-5875
ldroubi@blhny.com

March 1, 2016

**VIA ECF AND FACSIMILE**

Hon. George B. Daniels
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Fax: (212) 805-6737

Re:   *Myles v. Marshall*, No. 13-cv-8096 (GBD) (RLE) – Joint letter providing updates on the status of discovery

Dear Judge Daniels:

Pursuant to the Court's instruction at the February 25, 2016 conference in the above referenced matter, the parties jointly write to apprise the Court of our efforts in preparation for the next conference scheduled for March 3, 2016. As both parties have engaged in a number of matters, we write jointly.

### 1. Subpoena Police and District Attorney Records

On February 16, 2016, Your Honor so-ordered subpoenas for the New York County District Attorney's Office and the New York City Police Department, which Plaintiff served on both agencies on February 17, 2016. The return date for these subpoenas is March 16, 2016. Plaintiff will serve copies of these records on Defendant as soon as the records are received.

BELDOCK LEVINE & HOFFMAN LLP

Hon. George B. Daniels
March 1, 2016
Page 2

### 2. Additional Depositions

On February 26, 2016, both Plaintiff's counsel and Defendant's counsel engaged in a telephone conversation with eye-witness Michael Sims-Walker. Mr. Sims-Walker said that he did not punch Ms. Myles, which contradicts the sworn deposition of Mr. Marshall. This contradiction is critical to Plaintiff's case and Mr. Sims-Walker's testimony will be necessary at trial. However, Mr. Sims-Walker lives outside of this Court's jurisdiction and therefore, in order to ensure that Mr. Sims-Walker's testimony is available at trial, Plaintiff requests the opportunity to depose Mr. Sims-Walker.

Defendant's counsel does not agree that Plaintiff's counsel's recollection of Mr. Sims-Walker's interview is complete. Mr. Sims-Walker stated that he threw a woman off of him who attacked him, but he did not punch anyone. Counsel for Defendant does not represent Mr. Sims-Walker. However, Defendant objects to the deposition of Mr. Sims-Walker as costly and unnecessary and objects to the extent that any deposition would cause the trial date to be continued.

Plaintiff's counsel is not yet prepared to request the deposition of Michi Nogami-Marshall, Defendant's wife, because we have not yet received a summary of her intended testimony. Defense counsel has indicated that he will provide a summary of Ms. Nogami-Marshall's testimony shortly.

### 3. Production of Communications

Plaintiff served a letter on Defendant on February 17, 2016, requesting the production of electronic discovery Plaintiff believes remains in the custody and control of Defendant. As a result, Plaintiff requested the production of the documents by no later than February 24, 2016. Defendant replied on February 26, 2016 that his client is unable to retrieve messages from his Twitter account for the date in question.

In addition, during counsels' telephone conversation with Mr. Michael Sims-Walker, it was revealed that a text conversation was exchanged between Mr. Sims-Walker and Defendant regarding the scheduled call. Defendant has agreed to produce that text exchange.

To-date, Plaintiff has not provided any communications, including text messages, and has not indicated that she intends to do so before trial.

### 4. Voluntary Dismissal of Certain Claims

Plaintiff has consented to voluntarily dismissing her Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress claims.

BELDOCK LEVINE & HOFFMAN LLP

Hon. George B. Daniels
March 1, 2016
Page 3

### 5. Supplemental Disclosures

On March 2, 2016, Plaintiff will serve on Defendant Supplemental Rule 26 Disclosures providing updated information on fact witnesses as well as identifying two damages witnesses, who were Plaintiff's treating physicians. Plaintiff has also provided Defendant with additional medical records and verifications that establish these are business records. Plaintiff consents to Defendant identifying a rebuttal expert witness if he so chooses.

Defendant objects to the late disclosure of expert witnesses. Being forced to provide rebuttal expert witnesses increases the prejudice to Defendant rather than ameliorate it. Accordingly, Defendant requests that Plaintiff not be permitted to produce at trial expert witnesses not timely disclosed pursuant to F.R.C.P. 26(a)(2)(D).

We thank the Court for its attention to these matters.

Sincerely,

Luna Droubi, Esq.

cc: Jonathan C. Moore, Esq. (by ECF and email)
Joshua Moskovitz, Esq. (by ECF and email)
Jason Astle, Esq. (by ECF and email)
Harvey Steinberg, Esq. (by ECF and email)